Martin J.
(sitting for O’Neall J.) delivered the opinion of the Court. — The testator under whom both the plaintiff and defendant claim the land in dispute, directs the sale of his lands. By the first clause he says “ it is my will and desire that my executors do sell all my lands on the South West side of little Pee Dee and Sweat Swamp,” and distributes the proceeds of that sale among a certain number of-persons. A tract containing 200 acres in a separate grant, lies on the South West side of little Pee Dee and Sweat Swamp, bat it extended only to the edge of the Swamp between which and the creek (a run both of Sweat Swamp and little Pee Dee) if all be included, which the plaintiff claims, there are, perhaps, nearly two hundred acres more ; under this clause of the will, the executors sold and the plaintiff purchased. The executors in their conveyance sell to the plaintiff all the lands belonging to the testator, lying on the South. West side of little Pee Dee and Sweat Swamp, containing two hundred acres, more or less. By this provision of the testator’s will, and the conveyance of the executors, the plaintiff contends he is entitled to all the land, even to the run or stream of both watercourses, and for nearly a mile above the corner of the 200 acre tract on the edge of the swamp, and to a very considerable distance down Pee Dee, below the lower corner.
■ If the plaintiff’s right to recover were to be determined on his own evidence, I think it manifest that he should fail.
By reference to the words of the will, it will be seen that the testator evidently did not intend to give the metes or bounds of the land, but intended only to identify the particular tract without reference to boundaries. The testator could not but be aware that this tract did not extend to the streams, but had its boundary ill that quarter, on the edge of the swamjfy He was equally aware that this intermediate land was embraced in other grants, and other Clauses of his will, which will be noticed hereafter. But if this construction of the will is not to prevail, then it must *68 strike every one, tbat there is no direction in the will as to the division of the land in the sale, bnt it is to be left to the discretion of the executors, and they have .exercised that discretion, by selling and conveying to the plaintiff the tract of 200 acres. It is impossible to believe, on looking at the will and the conveyance from the executors, as well as to the plats, that they intended to sell or the plaintiff supposed he was buying any other than the 200 acre-tract, but that he is now endeavoring to avail himself of what he supposed a vague description, and thus acquire double what he had purchased, or is bound to pay for.
But when we come to look at the other parts of the will and the conveyance to • the defendant, I cannot suppose a doubt can exist on the subject. The next clause in the will after that which has been recited, is t£ the balance of my land being the land on which I now live shall be sold” &c. Under this clause the executors sold, and defendant purchased the lands marked B. and C. in the re-survey plat, not as the balance of the testator’s land after the sale to the plaintiff, but by metes and bounds, according to the original grants. This sale and conveyance are on the same day as those under which the plaintiff claims. The testator, it is true, lived on the tract B. and the trespass is on C. and it has been contended that the defendant’s purchase is confined to B. on which the testator lived, and therefore he has no claim to C. If the construction already given to the first clause of the will, as to the plaintiff’s title be correct, the objection here stated by defendant can avail him nothing, for then it would, follow that the tract C. having been sold without authority, belongs to the estate of the testator yet, and it is sufficient for the defendant’s purposes, to shew that the plaintiff has no title. But I have no doubt the executors put the true construction on the will, and were authorised to sell the tract C. as well as B. The testator after directing the sale of the land on the South West of Sweat Swamp and Pee Dee, orders the balance of his lands to be sold. These tracts B. and 0. had been granted, one more than sixty ye ars, and *69 the other, forty-five years. He was the owner of both, and lived very near the dividing line between them for many years. To. call them both, then, “the lands on which lie lived,” was- what every man would have done under the same circumstances.
If one had been in possession and living on a body of land, consisting of half a dozen different tracts, for twenty or thirty years, and by his will directed the lands on which he lived to be sold, no one would suppose he intended to confine that direction to the separate tract, as originally granted, on which he happened to live; which might consist of only a tenth of the entire body of land, or might be in the centre of the other tracts as originally surveyed.
In any view then, which I have been able to take of this case, I think a new trial should be granted.
It may be proper however, to observe, that I entirely concur with the presiding judge in rejecting the parol evidence, offered to shew what the testator intended, by the words used in the will. There was certainly no ambiguity of that kind -which authorizes the introduction of such testimony.